MAY 3 0 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ERIK B. CHERDAK,                         )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No. 1:11cv1311 (LO/JFA)
                                         )
CURTIS A. VOCK, *et al.*,                )
                                         )
                Defendants.              )
                                         )
_____ )

## RULE 16(B) SCHEDULING ORDER

Upon consideration of the representations made by the parties in their Proposed Discovery Plan (Docket no. 126) ("Joint Discovery Plan") and at the initial pretrial conference held on May 30, 2012 and taking note of the Scheduling Order entered in this case (Docket no. 114), the court makes the following rulings:

1.      All discovery shall be concluded by August 10, 2012.

2.      The Joint Discovery Plan filed by the parties is approved in part and shall control discovery to the extent of its application unless further modified by the court.

3.      All Fed. R. Civ. P. 26(a)(1) disclosures were completed by May 15, 2012.

4.      In accordance with paragraph III(B) of the Joint Discovery Plan, plaintiff shall serve his initial disclosure of asserted claims by June 8, 2012.

5.      Expert disclosures shall be governed by the following schedule: initial expert disclosures as to any issue upon which a party has the burden of proof are due June 29, 2012; responding disclosures are due July 23, 2012. To the extent the parties wish to modify these deadlines, they must seek leave of court.

6.     The parties shall exchange any proposed claim terms that require construction on July 6, 2012.  The parties shall thereafter meet and confer in good faith to limit the claims and claim terms at issue.  On July 13, 2012, the parties shall exchange proposed constructions for those claim terms they have identified to be in dispute and set forth their respective positions on the proper interpretation for each of those terms.   The parties shall file and serve their opening claim construction briefs and summary judgment motions on August 20, 2012.  Briefs in opposition shall be filed and served by September 5, 2012, and reply briefs shall be filed and served by September 12, 2012.  Any hearing on claim construction and summary judgment shall be set by the District Judge.

7.     If counsel believe that a settlement conference with the court would be of assistance in resolving this dispute, they may arrange a settlement conference by contacting the undersigned Magistrate Judge's chambers.

8.     To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

9.     To the extent it becomes necessary, the parties may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the filing of documents under seal.

10.     Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).  Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in

open court.  The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings.

11.     A paper copy of any non-dispositive motion and all papers relating to the motion shall be **delivered directly to the chambers of the undersigned magistrate judge** upon filing. *See* ECF Policies and Procedures, Alexandria Courtesy Copy Information.

12.     All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference.  Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings.  **A non-dispositive motion must be filed by 5:00 p.m. the Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the hearing.  This order and Local Civil Rule 7 modify the time periods for the notice and briefing of motions under Fed. R. Civ. P. 6(c) and 56(c).**  All motions must contain a statement that a good-faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

13.     All Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained.  All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

14.     As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record.  A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and

indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

15.    All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point.

16.    Any motion to amend the pleadings or to join a party must be made as soon as the party or counsel become aware of the facts supporting the need for the motion.

17.    Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

18.    In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 30th day of May, 2012.

_____ /s/ _____

John F. Anderson
United States Magistrate Judge
John F. Anderson

Alexandria, Virginia                                          United States Magistrate Judge